# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SM JEWELRY, LLC, | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. _____ |
| v. | : |
| NUTMEG INSURANCE AGENCY, INC., | : |
| Defendant. | : |

## **NOTICE OF REMOVAL**

Pursuant to Sections 1332, 1441, and 1446 of Title 28 of the United States Code, Defendant, Nutmeg Insurance Agency, Inc. ("Nutmeg"), by and through its counsel, hereby gives notice of the removal of this action from the Court of Common Pleas of Dauphin County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania, and as grounds for removal states as follows:

1. On or about July 18, 2023, Plaintiff SM Jewelry, LLC ("Plaintiff"), filed a Complaint against Nutmeg in the Pennsylvania Court of Common Pleas, Dauphin County, Case No. 2023-cv-5472. A copy of the Complaint is attached hereto as Exhibit 1, as required by 28 U.S.C. § 1446(a).

2. The Complaint alleges that Nutmeg failed to obtain a commercial insurance policy from Hartford Underwriters Insurance Company that provided Plaintiff with the insurance coverage that Plaintiff had requested, allegedly resulting in an uninsured loss of $545,930.66. *See id.* The uninsured loss stems from a theft that occurred on December 23, 2022 at Plaintiff's jewelry store in Harrisburg, Pennsylvania, involving items valued at over $500. *See id.*

3. On October 6, 2023, counsel for Nutmeg accepted service of Plaintiff's Complaint. *See* Exhibit 2.

4. It should also be noted that on the same day, Plaintiff filed a separate breach of contract action against Hartford Underwriters Insurance Company in the Pennsylvania Court of Common Pleas, Dauphin County, Docket No. 2023-cv-07724, seeking $46,328.50, along with costs of suit, for allegedly failing to provide full coverage under the policy that was issued by Hartford. *See* Ex. 3. The underlying claim arises from the same theft that occurred at Plaintiff's jewelry store in Harrisburg, Pennsylvania, except that this claim involves items valued less than $500. *See id.*

5. Hartford was served with the breach of contract Complaint on October 16, 2023, and that matter is still pending in state court. Together, the two suits are seeking to recover from Hartford approximately $592,259 in allegedly uninsured or underinsured jewelry that was stolen from Plaintiff's store.

6. Both Nutmeg and Hartford Underwriters Insurance Company are wholly owned subsidiaries of Hartford Fire Insurance Company, which is a wholly owned subsidiary of The Hartford Financial Services Group, Inc.

7. Plaintiff seeks damages from Nutmeg in excess of the jurisdictional minimum set forth in 28 U.S.C. § 1332 as Plaintiff seeks damages in excess of $75,000. *See* Ex. 1 ¶ 12 and *ad damnum* clause.

8. The basis for federal court jurisdiction in this case is 28 U.S.C. § 1332, diversity of citizenship, which provides, in relevant part, that federal district courts have original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. "[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Middle District of Pennsylvania is the district that embraces Dauphin County.

10. Section 1446(b) provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

11. This Notice of Removal is timely because it was filed within thirty days from the date on which Nutmeg had notice that the action was removable, and because it was filed less than one year after the commencement of the state court action. 28 U.S.C. §§ 1446(b) to (c).

12. Upon information and belief, Plaintiff is a Pennsylvania limited liability company with its principal place of business at 1411 Alexandria Lane, Harrisburg, PA. *See* Ex. ¶ 1.

13. After conducting a reasonable, good faith investigation based on publicly available information, Nutmeg asserts, upon information and belief, that no member of Plaintiff is domiciled in or a citizen of Connecticut. Therefore, upon information and belief, Plaintiff is not a citizen of Connecticut for diversity jurisdiction purposes. *See, e.g.*, *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105, 108-110 (3d Cir. 2015) (explaining that the citizenship of a limited liability company is determined by the citizenship of its

members, and a party asserting diversity jurisdiction need not affirmatively plead the citizenship of each member; it need only perform a reasonable investigation and allege in good faith that the members are not citizens of its state of citizenship).

14. Nutmeg is, and was at the time the Complaint was filed, a Connecticut corporation, with its principal place of business located in Hartford, Connecticut.

15. Accordingly, there is complete diversity of citizenship between the parties.

16. A copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Dauphin County, Pennsylvania, and is being served on counsel of record, in compliance with 28 U.S.C. §§ 1446(a) and (d).  *See* Ex. 4.

17. Pursuant to 28 U.S.C. § 1446(a), copies "of all process, pleadings, and orders" received by Nutmeg are attached to this filing.  Nutmeg has not answered or otherwise responded to the Complaint.

18. Removal of Plaintiff's case to the United States District Court for the Middle District of Pennsylvania is required under the circumstances of this case because all parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Defendant, Nutmeg Insurance Agency, Inc., respectfully removes this action to the United States District Court for the Middle District of Pennsylvania for further proceedings pursuant to this Notice.

    Respectfully submitted,

    BUTLER WEIHMULLER KATZ CRAIG LLP

    s/Richard D. Gable, Jr.
    RICHARD D. GABLE, JR., ESQ.
    PA Attorney ID No. 65842

|  |  |
|---|---|
|  | ADAM B. MASEF, ESQ.<br>PA Attorney ID No. 313468<br>1818 Market Street, Suite 2740<br>Philadelphia, PA 19103<br>rgable@butler.legal<br>amasef@butler.legal<br>*Attorneys for Defendant, Nutmeg Insurance Agency, Inc.* |
| Dated: <u>November 2, 2023</u> |  |

**CERTIFICATE OF SERVICE**

I, Richard D. Gable, Jr., hereby certify that a true and correct copy of the foregoing Notice of Removal, electronically filed this 2nd day of November, 2023, will be served on the following counsel of record via the Court's Electronic Filing System:

> Thomas E. Brenner, Esq.
> Caldwell & Kearns, P.C.
> 3631 N. Front Street
> Harrisburg, PA 17110
> *Attorney for Plaintiff*

/s/ Richard D. Gable, Jr.
RICHARD D. GABLE, JR., ESQ.